

%AO 241
(Rev. 10/07)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2:25CV258

| United States District Court | District: 3rd Circuit | |
|---|---|---|
| Name (under which you were convicted):<br>Larry J. Dean | | Docket or Case No.:<br>CP-33-CR-0000571-2017 |
| Place of Confinement : SCI Pine Grove | | Prisoner No.: NJ3470 |
| Petitioner (include the name under which you were convicted)<br>Larry J. Dean | Respondent (authorized person having custody of petitioner)<br>v.   Superintendant Mark Brothers | |
| The Attorney General of the State of   Pennsylvania | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging
    Court of Common Pleas of Jefferson County Pennsylvania
    200 Main Street
    Brookville, PA 15825

    (b) Criminal docket or case number (if you know):  CP-33-CR-0000571-2017

2.  (a) Date of the judgment of conviction (if you know):  03/23/2018

    (b) Date of sentencing:  04/04/2018

3.  Length of sentence:  65 to 193 years.

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    See Supplemental Memorandum, p.4

6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

RECEIVED

FEB 2 4 2025

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

The plea was not guilty on all charges.

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: *See Supplemental Memorandum, p.5, Item 2.

(b) Docket or case number (if you know): *

(c) Result: *

(d) Date of result (if you know): *

(e) Citation to the case (if you know):

(f) Grounds raised:

Obstruction of Discovery and Ineffective Assistance of Trial Counsel
(See Supplemental Memorandum, p.9 through 15)

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court: *See Supplemental Memorandum, p.5, Item 2.

(2) Docket or case number (if you know): CP-33-CR-0000571-2017

(3) Result: *

(4) Date of result (if you know): *

AO 241
(Rev. 10/07)

(5) Citation to the case (if you know):

(6) Grounds raised:

Obstruction of Discovery and Ineffective Assistance of Trial Counsel
(See Supplemental Memorandum, p.9 through 15)

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:  See Supplemental Memorandum, p.5, Item 4.

(2) Docket or case number (if you know):  " " "

(3) Date of filing (if you know):  " " "

(4) Nature of the proceeding:  Pro Se PCRA Petition

(5) Grounds raised:

Ineffective Assistance of Trial Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:  No response from the Court.

(8) Date of result (if you know):

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: *See Supplemental Memorandum, p.6, Item 6.

    (2) Docket or case number (if you know): CP-33-CR-0000571-2017

    (3) Date of filing (if you know): *

    (4) Nature of the proceeding: Amended PCRA Petition Filing, Pro Se

    (5) Grounds raised:

        Ineffective Assistance of Trial Counsel
        (See Supplemental Memorandum, p.24 through 26)

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    XX Yes   ☐ No

    (7) Result: *See Supplemental Memorandum, p.6, Item 6

    (8) Date of result (if you know): *

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: *See Supplemental Memorandum, p.6, Item 7.

    (2) Docket or case number (if you know): CP-33-CR-0000571-2017

    (3) Date of filing (if you know): *

    (4) Nature of the proceeding: Amended PCRA Petition Filing, Pro Se

    (5) Grounds raised:

        Ineffective Assistance of Trial Counsel
        (See Supplemental Memorandum, p.24 through 26)

Page 6

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: ✻See Supplemental Memorandum, p.6, Item 7

(8) Date of result (if you know): ✻

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☒ No

(3) Third petition:    ☐ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

In Pennsylvania, it is not necessarry to appeal to the State Supreme Court in order to exhaust State Remedies.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:  Layered Ineffective Assistance of Counsel
            (See Supplemental Memorandum, p.7)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

All Counsels were ineffective for failure to object to and/or act upon blatant violations of the Petitioner's 6TH Amendment Right to Confrontation in the instant case.

(b) If you did not exhaust your state remedies on Ground One, explain why:

All prior counsels failed to raise this meritorious issue.
(See Supplemental Memorandum, p.16 through 19)

AO 241
(Rev. 10/07)

  (c)      **Direct Appeal of Ground One:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☒ No

      (2) If you did not raise this issue in your direct appeal, explain why:

        Trial Counsel did not, and would not, raise an Ineffective Assistance Claim against
        himself. And the Petitioner was unaware that such a violation had occurred.

  (d) **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☐ Yes   ☒ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:

      Name and location of the court where the motion or petition was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☒ No

      (4) Did you appeal from the denial of your motion or petition?    ☐ Yes   ☒ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes   ☒ No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

        Prior counsel failed to raise this meritorious issue.
        (Supplemental Memorandum, p.16 through 19; See also EXHIBIT  I)

AO 241
(Rev. 10/07)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

I am filing this Habeas Corpus Petition in order to preserve meritorious claims which prior counsels failed to raise, and which I was unaware of, to prevent being time-barred from addressing the issues properly.

**GROUND TWO:**

All Counsels failed to object to and/or act upon the Commonwealth's violation of Rules of Evidence which prejudiced the Petitioner unfairly in the instant case.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Commonwealth actually and factually violated R.Evid. 901 and 1002 in order to obtain a conviction. (See Supplemental Memorandum, p.20 through 23)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

This is a new claim/issue which the Petitioner became aware of recently, during his own research recently.

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes      ☒  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

See Supplemental Memorandum, p.20 through 23.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes      ☒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Due to extreme constraints placed upon the Petitioner's access to legal resources by the Commonwealth, the Petitioner only recently became aware of the meritorious issue, which prior counsels failed to raise.
(See EXHIBIT J, Supplemental Memorandum.)

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

I am filing this Habeas Corpus Petition in order to preserve meritorious claims which prior counsels failed to raise, and which I was unaware of, to prevent being time-barred from addressing the issues properly.

## GROUND THREE:

All Counsels were ineffective for failure to object to and/or act upon Jury Instructions which violated the Petitioner's 14TH Amendment Due Process Rights and prejudiced him unfairly.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Trial Judge stated, as fact, that the defendant was "guilty" of a particular charge, during his jury instructions, and prior to the jury's deliberations.
(See Supplemental Memorandum, p.27 through 29)

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

This is a new claim.

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Trial Counsel failed to raise this issue on Direct Appeal, and I was unaware of the issue at that time.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Prior counsels failed to raise this meritorious issue, and I was not aware of it due to the lack of access to legal resources while incarcerated, until recently. (Ref. Supplemental Memorandum, p.7)

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

Just this Habeas Corpus Petition - as a means of preserving those meritorious issues that previous counsels failed to preserve for these Honorable Courts.

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 10/07)

Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

Page 13

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☐  Yes    ☒  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

In Pennsylvania, it is not necessary to appeal to the State Supreme Court in order
to exhaust State Remedies.

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

Those grounds which are identified as "new claims" are being addressed in the Petitioners
subsequent Pro Se Filed PCRA Petition, which the Court has not yet addressed, and which
is the reason for the Motion for Stay and Abeyance on this Habeas Corpus Petition.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐  Yes    ☒  No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐  Yes    ☒  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

AO 241
(Rev. 10/07)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:  Robbie Taylor, Esq.
                             102 Jefferson St.
                             Brookvilla, PA 15825

(b) At arraignment and plea: *Same

(c) At trial: *

(d) At sentencing: *

(e) On appeal: *

(f) In any post-conviction proceeding:  John R. Thomas, Esq.
                                        128 South Street
                                        Ridgeway, PA 15853

(g) On appeal from any ruling against you in a post-conviction proceeding:  Cheryl J. Sturm
                                                                            Attorney At Law
                                                                            387 Ring Road
                                                                            Chadds Ford, PA 19317

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?   ☐ Yes   XX No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?   XX Yes   ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 10/07)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on <u>02 | 21 | 2025</u>    (month, date, year).

Executed (signed) on <u>02 | 21 | 2025</u>    (date).



_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## VERIFICATION/PROOF OF SERVICE

The Movant, <u>Larry J Dean</u>, hereby certifies that he has caused a true and correct copy of the following documents, <u>(1) Motion for Stay and Abeyance (2) Completed § 2254 (3) Previous Challenges to the convictions (4) Summary of claims (5) Grounds for relief (6) Requested Relief (7) Exhibits</u>, to be served upon the individuals and/or their respective offices listed below, by placing such in a sealed, pre-addressed envelope, with a DC-138(a) "Cash Slip" for the cost of postage, and depositing such with the mailroom of the State Correctional Institution, Pine Grove, to be mailed via United States Postal Service (USPS) First Class mail, on this day of _____, which meets/satisfies the requirements of Pa.C.S. § 4904, relating to Unsworn Falsification to authorities.

| PARTY #1 | PARTY #2 |
|---|---|
| Clerk of Courts | Clerk of Courts |
| U.S. Courthouse | Jefferson County Courthouse |
| 700 Grant Street | 200 Main Street |
| Suite 3110 | Brookville PA. 15825 |
| Pittsburgh PA. 15219 | |

| PARTY #3 | PARTY #4 |
|---|---|
| Jeffery Burkett | |
| District Attorneys Office | |
| Jefferson County Courthouse | |
| 200 Main Street | |
| Brookville PA. 15825 | |

02/21/2025

Signature: _____

SCI Pine Grove
191 Fyock Road
Indiana, PA 15701-6542
Date: 02/21/2025

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*, that require filing confidential information and documents differently than non-confidential information and documents.

Signature: _____ 02/21 _____/2025

SCI Pine Grove
191 Fyock Road
Indiana, PA 15701-6542
Date: 02/21/2025